UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| Lisa Carroll, | ) | **CIVIL ACTION NO.** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| NCO Financial Systems, Inc., and | ) | |
| American Express Company, | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq.*, and the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

1

## PARTIES

4. Plaintiff, Lisa Carroll ("Plaintiff"), is a natural person who at all relevant times resided in the State of North Carolina, County of Wake, and City of Raleigh.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), N.C. Gen. Stat. § 58-70-90(2), and N.C. Gen. Stat. § 75-50(1).

6. Defendant, NCO Financial Systems, Inc. ("NCO"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and N.C. Gen. Stat. § 58-70-90(3).

7. NCO is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. NCO is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

9. Defendant, American Express Company ("AMEX"), is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by N.C. Gen. Stat. § 75-50(2).

10. AMEX is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than NCO – namely, AMEX.

12. Plaintiff's alleged obligation asserted to be owed or due AMEX, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely a personal credit card ("the Debt").

13. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due.

14. AMEX, by and through its previous agent-in-fact, Gatestone & Co. International, Inc. f/k/a Collectcorp Corporation ("Gatestone"), had previously attempted to collect the Debt from Plaintiff in or about January 2012.

15. On January 19, 2012, Plaintiff called AMEX, and during said call, provided her social security number and obtained verification from AMEX that there was no outstanding issue with her husband's account, on which Plaintiff is an authorized user.

16. Plaintiff maintains no accounts with AMEX, other than Plaintiff's husband's account on which she is an authorized user.

17. Plaintiff is not the "Lisa Carroll" who is purportedly liable for the debt at issue.

18. In or around May 2012, Gatestone did not further contact Plaintiff in effort to collect the debt, and upon information and belief, returned the Debt to AMEX.

19. Thereafter, AMEX placed the Debt with NCO for collection purposes.

20. In connection with the collection of the Debt, NCO, itself and on behalf of AMEX, sent Plaintiff's then-former counsel, Weisberg & Meyers, LLC, written communication dated September 22, 2012, and in such communication, stated in relevant part:

> CREDITOR: AMERICAN EXPRESS (US)
> CREDITOR'S ACCOUNT #: **********22005
> REGARDING: CID010319497014USD
> CURRENT BALANCE DUE: $9830.91

3

> Please be advised that we have been requested by AMERICAN EXPRESS (US) to assist them in the collection of the amount set forth above.

(See September 22, 2012 Correspondence, attached as Exhibit A).

21. On October 10, 2012, Plaintiff again spoke with an agent and/or employee of AMEX, provided them with her full name and social security number, and the AMEX agent stated they had no record of any delinquent account associated with Plaintiff.

22. NCO and AMEX's September 22, 2012 communication falsely represented the character and amount of Plaintiff's alleged debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## NCO

23. Plaintiff repeats and re-alleges each and every factual allegation above.

24. NCO violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NCO violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and

4

proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)
## NCO

25. Plaintiff repeats and re-alleges each and every factual allegation above.

26. NCO violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt, including, but not limited to: misrepresenting that Plaintiff owed a debt, for which Plaintiff does not owe and is not responsible.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NCO violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f
## NCO

27. Plaintiff repeats and re-alleges each and every factual allegation above.

28. NCO violated 15 U.S.C. § 1692f by using unfair or unconscionable means

5

against Plaintiff in connection with an attempt to collect an alleged debt, including, but not limited to, attempting to collect a debt from Plaintiff that she does not owe and for which she is not responsible.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NCO violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF N.C. GEN. STAT. § 58-70-110
## NCO

29. Plaintiff repeats and re-alleges each and every factual allegation above.

30. NCO violated N.C. Gen. Stat. § 58-70-110 by collecting or attempting to collect a debt or obtain information concerning Plaintiff by a fraudulent, deceptive or misleading representation, including, but not limited: misrepresenting that Plaintiff owed a debt that Plaintiff does not owe and for which Plaintiff is not responsible.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NCO violated N.C. Gen. Stat. § 58-70-110;

6

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF N.C. GEN. STAT. § 58-70-110(4)
## NCO

31. Plaintiff repeats and re-alleges each and every factual allegation above.

32. NCO violated N.C. Gen. Stat. § 58-70-110(4) by falsely representing the character, extent, or amount of an alleged debt against Plaintiff or of its status in any legal proceeding.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NCO violated N.C. Gen. Stat. § 58-70-110(4);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this

7

action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF N.C. GEN. STAT. § 58-70-115
## NCO

33. Plaintiff repeats and re-alleges each and every factual allegation above.

34. NCO Defendant violated N.C. Gen. Stat. § 58-70-115 by collecting or attempting to collect any debt by use of unfair practices, including, but not limited to: attempting to collect from Plaintiff an alleged debt that does not belong to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NCO violated N.C. Gen. Stat. § 58-70-115;

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF N.C. GEN. STAT. § 75-54
## AMEX

35. Plaintiff repeats and re-alleges each and every factual allegation above.

36. AMEX violated N.C. Gen. Stat. § 75-54 by collecting or attempting to collect a debt or obtain information concerning Plaintiff by a fraudulent, deceptive or misleading representation, including, but not limited to: misrepresenting that Plaintiff owed a debt that she did not owe and for which Plaintiff is not responsible.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that AMEX violated N.C. Gen. Stat. § 75-54;

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF N.C. GEN. STAT. § 75-54(4)
## AMEX

37. Plaintiff repeats and re-alleges each and every factual allegation above.

38. AMEX violated N.C. Gen. Stat. § 75-54(4) by falsely representing the

character, extent, or amount of an alleged debt against Plaintiff, or of its status in any legal proceeding.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that AMEX violated N.C. Gen. Stat. § 75-54(4);

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IX
### VIOLATION OF N.C. GEN. STAT. § 75-55
### AMEX

39. Plaintiff repeats and re-alleges each and every factual allegation above.

40. AMEX violated N.C. Gen. Stat. § 75-55 by using unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, attempting to collect an alleged debt that Plaintiff does not owe.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that AMEX violated N.C. Gen. Stat. § 75-55;

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen.

Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 15th day of November, 2012.

> Respectfully submitted,
>
> /s/ Holly E. Dowd
> Holly E. Dowd (N.C. Bar No. 37533)
> Weisberg & Meyers, LLC
> 409A Wakefield Dr.
> Charlotte, NC 28209
> (888) 595-9111 ext. 260
> (866) 565-1327 (fax)
> hdowd@attorneysforconsumers.com
>
> ATTORNEYS FOR PLAINTIFF
>
> *Please send correspondence to the address below*
>
> Holly E. Dowd
> **Weisberg & Meyers, LLC**
> 5025 N. Central Ave. #602
> Phoenix, AZ 85012